In this pro se action, plaintiff, seeking summary judgment, maintains the Small Business Administration (SBA) refused to grant him a $300,000 loan after allegedly indicating the loan would be made. Defendant bases its *685 cross-motion for summary judgment on the primary ground that the SBA merely entertained plaintiffs loan application and never even suggested the loan would in fact be granted. Furthermore, defendant contends that the SBA official who allegedly indicated the loan would be made lacked authority to do so and could not bind the government. We give plaintiff the benefit of our usual lenient interpretation of pro se filings. After consideration of the parties’ submissions but without oral argument, we deny plaintiffs motion for summary judgment, grant defendant’s cross-motion for summary judgment and dismiss the petition.
After preliminary negotiations, by letter of May 12,1978, the SBA formally declined plaintiffs loan application citing, among other things, plaintiffs lack of repayment ability, inadequate equity capital, combined with inexperienced management and insufficient collateral. Plaintiff responded to this denial with several letters to the SBA in May and June of 1978, alleging an SBA loan officer, Ms. Dolores A. LaValle, told him by telephone that the SBA had "to come up with the rest of the money.” Again refused, plaintiff filed his petition with this court in June 1978 alleging the SBA has harassed him without cause, presumably by its requests for financial information. Plaintiff also argues breach of the oral contract made when Ms. LaValle purportedly committed the SBA to lend plaintiff approximately $300,000. For these reasons plaintiff seeks damages in the amount of $627,000 and specific performance in the form of an order directing the SBA to grant his loan application.
Each of plaintiffs claims must be dismissed. First, plaintiffs allegations of harassment and invasion of privacy sound in tort and would be beyond the jurisdiction of this court, 28 U.S.C. § 1491 (1976); Somali Development Bank v. United States, 205 Ct. Cl. 741, 508 F. 2d 817 (1974). However, plaintiff seems to say these allegations are only for atmosphere, and he is seeking solely to enforce a contract. Second, while of course correspondence was exchanged between plaintiff and the SBA, and Ms. LaValle met with plaintiff in person, at no time did the SBA say it would make a loan nor could it be objectively inferred that the SBA so contracted, even by plaintiffs version of the *686 facts. As stated in Russell Corp. v. United States, 210 Ct. Cl. 596, 608, 537 F. 2d 474, 481 (1976), cert. denied, 429 U.S. 1073 (1977)—
* * * For there to be an express contract, the parties must have intended to be bound and must have expressed their intention in a manner capable of understanding. A definite offer and an unconditional acceptance must be established. * * *
Plaintiff has further alleged that Ms. LaValle told him, during a telephone conversation, that the loan would be forthcoming. That she said the SBA "has to come up” with $300,000, is asserted only in plaintiffs petition; the affidavit plaintiff submitted is, at best, vague and disorganized. In opposition, defendant has submitted an affidavit signed by Ms. LaValle explicitly denying she told plaintiff the SBA had to "come up with $300,000.” On the contrary the affidavit states Ms. LaValle repeatedly advised plaintiff that the loan had not been approved, that the SBA was making no commitment to do so, and that she personally had no power or authority to approve a loan or otherwise commit the SBA to make any loan. Plaintiff really has not enough evidence for a triable issue of fact that she even made the alleged commitment.
In Tree Farm Development Corp. v. United States, 218 Ct. Cl. 308, 585 F. 2d 493 (1978), this court recently decided questions very close to those now presented. In that case the plaintiff submitted an application for a loan guarantee which, though considered and reviewed, was never approved or granted. In Tree Farm, and in this case, the government did nothing more than indicate it "was willing to consider an application from plaintiff which might eventually lead to a binding loan guarantee agreement.” (Emphasis in original.) Id at 321, 585 F. 2d at 501.
Assuming Ms. LaValle did make the statement alleged, such statement fails entirely to furnish the definiteness and specificity necessary to establish an express oral contract as called for by Russell Corp. v. United States, supra, 210 Ct. Cl. at 608-09, 537 F. 2d at 481-82. It does not express an intent to be bound. Cutler-Hammer, Inc. v. United States, 194 Ct. Cl. 788, 441 F. 2d 1179 (1971). It could be read as only an expression of opinion on the merit of the application. It is normally difficult to construct a *687 contract out of oral statements during negotiations, when both parties intend that their agreement, if complete, will be embodied in a formal, written instrument. Furthermore, to the extent that Ms. LaValle herself lacked approval authority, her alleged statement could not bind the government in this case, Housing Corp. of America v. United States, 199 Ct. Cl. 705, 468 F. 2d 922 (1972); Byrne Organization, Inc. v. United States, 152 Ct. Cl. 578, 287 F. 2d 582 (1961).
it is therefore ordered that plaintiffs motion for summary judgment is denied, defendant’s cross-motion for summary judgment is granted, and the petition is dismissed.